ORIGINAL

U.S. DISTRICT
NORTHERN DISTRICT
FILED
JUN 1 3 2008
CLERK, U.S. DISTRICT COURT
By _____
        Deputy

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUN 24 2008
CLERK, U.S. DISTRICT COURT
By _____
        Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL B. DAVIS | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | NO. 3:08-CV-0944-G |
| | § | |
| DAVID LEACH, ET AL. | § | |
| | § | |
| Defendants. | § | |

## MAGISTRATE JUDGE'S QUESTIONNAIRE TO THE PLAINTIFF

TO: Mr. Michael B. Davis
2110 Madison Avenue Apt. 6A
New York, NY 10037

DIRECTIONS: The Plaintiff shall answer the following Questions on the space provided for her answer. The answers to these Questions shall be verified under penalty of perjury by the Plaintiff on the signature line at the conclusion of this Questionnaire and returned to the United States Magistrate Judge within twenty (20) days of the date upon which the Plaintiff receives the Questionnaire. Failure to file answers to the Questions may result in the dismissal of the complaint for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

Plaintiff is also **ORDERED** that at all times during the pendency of this action immediately advise the Court of any change of address and its effective date. Such notice shall captioned "NOTICE TO THE COURT OF CHANGE OF ADDRESS" and contain only information pertaining to the change of address and its effective date. The notice shall not contain any motions for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of the complaint for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

**QUESTION NO. 1:** Have you raised the issues you assert in your complaint in any other state or federal lawsuit? If yes, please identify:

    a)     the type of proceeding;

    b)     the date that proceeding was filed;

    c)     the case number or other identifying number of the proceeding;

    d)     the court or state agency in which the proceeding was filed;

    e)     each and every ground raised in that proceeding; and

    f)     the result of the proceeding, including the date of the resolution.

**ANSWER:**

A - BREACH OF CONTRACT

B - 5/2004/INDEX #04601322/04 TRANSFERED

C - 300298TS/06

D - FROM: New York State Supreme Court - Index #04601322 To: Civil Court of the City of New York - Index #300298TS/

E - ① Breach of Contract
    ② Race Discrimination
    ③ Conspiracy to Violate Civil Rights
    ④ Payment Conversion

F - Trial Date July 24, 2008

**QUESTION NO. 2:** Plaintiff likely filed this civil rights case brought under 42 U.S.C. § 1981 more than four years after plaintiff knew or should have known of the wrongful act and resulting injury made the basis of this suit. It therefore appears that this case may be time-barred. *See Jones v. R.R. Donnelley & Sons, Co.*, 541 U.S. 369, 382, 124 S.Ct. 1836, 1845, 158 L.Ed.2d 645 (2004), *citing* 28 U.S.C. § 1658(a). Please explain why this case is not barred by limitations or why the statute of limitations should be tolled on equitable grounds.

**ANSWER:**

*Plaintiff re filed in Supreme Court of New York Complaint index # 04601322 on 05/05/2004 in a timely manner, it is therefore requested, the U.S. Civil Rights case of the Plaintiff be joined with the New York State filing date of 05/05/2004 being that both cases involve race discrimination and conspiracy to violate civil rights of the Plaintiff and therefore the U.S. Civil Rights complaint should not be barred by time limitations or statute of limitations since both State and Federal Civil Rights complaints are equal with filling limitations, and 42 U.S.C.A 1981 has no specifically stated or otherwise relevant Federal Statute of limitations under 42 U.S.C.A 1981. The Federal Filing under 42 U.S.C.A 1981 can be applied retroactively to Plaintiff's New York State's complaint date of 05/05/2004.*

*Please see enclosed page of Judicial Rules : 36- Borrowing state statues of limitations.*

UNITED STATES MAGISTRATE JUDGE

MICHAEL B. DAVIS
#3:08-CV-0944-G

give the agency's fact-finding the same preclusive effect to which it would be entitled in the state's courts for claims asserted under 42 U.S.C.A. § 1981.[86]

A state court judgment based on statutory governmental immunity in a common-law negligence suit arising out of an alleged arrest and assault by police officers is not an adjudication on the merits and is not res judicata in a subsequent federal court action brought under, inter alia, 42 U.S.C.A. § 1981.[87]

### § 36  Borrowing state statutes of limitations

There is no specifically stated or otherwise relevant federal statute of limitations for a cause of action under 42 U.S.C.A. § 1981; the controlling limitation period is the most analogous state statute of limitations.[88] A state statute of limitations for personal injury actions is the most appropriate statute of limitations in an action under 42 U.S.C.A. § 1981, since a claim in a § 1981 action is in essence a claim for personal injury.[89]

A state statute of limitations for personal injury actions may properly be applied retroactively where at the time the 42 U.S.C.A. § 1981 action was filed, there was no clear precedent in the particular circuit on which the plaintiffs could have relied, and where applying the statute of limitations would not frustrate any federal law or result in inequity to the plaintiffs who are charged with knowledge that the issue was unsettled.[90] However, a state statute of limitations for personal injury torts may not be applied retroactively to bar a § 1981 action where, under controlling precedent in the particular Circuit involved at the time the action was filed, a longer statute of limitations applied and the action was timely filed within that longer time period.[91]

State statutes of limitations for personal injury claims have been applied

---

[86]University of Tennessee v. Elliott, 478 U.S. 788, 106 S. Ct. 3220, 92 L. Ed. 2d 635, 32 Ed. Law Rep. 1257, 41 Fair Empl. Prac. Cas. (BNA) 177, 40 Empl. Prac. Dec. (CCH) ¶ 36205 (1986).

[87]Wade v. City of Pittsburgh, 765 F.2d 405 (3d Cir. 1985).

[88]Goodman v. Lukens Steel Co., 482 U.S. 656, 107 S. Ct. 2617, 96 L. Ed. 2d 572, 44 Fair Empl. Prac. Cas. (BNA) 1, 43 Empl. Prac. Dec. (CCH) ¶ 37099 (1987) (abrogation on other grounds recognized by, Coleman v. Domino's Pizza, Inc., 728 F. Supp. 1528, 55 Fair Empl. Prac. Cas. (BNA) 627, 53 Empl. Prac. Dec. (CCH) ¶ 39744 (S.D. Ala. 1990)); Burnett v. Grattan, 468 U.S. 42, 104 S. Ct. 2924, 82 L. Ed. 2d 36, 18 Ed. Law Rep. 37, 35 Fair Empl. Prac. Cas. (BNA) 15, 34 Empl. Prac. Dec. (CCH) ¶ 34449 (1984) (abrogation on other grounds recognized by, Jones v. Preuit & Mauldin, 876 F.2d 1480 (11th Cir. 1989)).

*Annotation References:* State statute of limitations as affecting federal civil rights actions under 42 U.S.C.A. § 1981, 29 A.L.R. Fed. 710.

[89]Smith v. Firestone Tire and Rubber Co., 875 F.2d 1325, 49 Fair Empl. Prac. Cas. (BNA) 1730, 50 Empl. Prac. Dec. (CCH) ¶ 39087 (7th Cir. 1989).

[90]Goodman v. Lukens Steel Co., 482 U.S. 656, 107 S. Ct. 2617, 96 L. Ed. 2d 572, 44 Fair Empl. Prac. Cas. (BNA) 1, 43 Empl. Prac. Dec. (CCH) ¶ 37099 (1987) (abrogation on other grounds recognized by, Coleman v. Domino's Pizza, Inc., 728 F. Supp. 1528, 55 Fair Empl. Prac. Cas. (BNA) 627, 53 Empl. Prac. Dec. (CCH) ¶ 39744 (S.D. Ala. 1990)) an (overruling on other grounds recognized by, Ortiz v. County of Orange, 152 F.3d 928 (9th Cir. 1998)).

[91]Saint Francis College v. Al-Khazraji, 481 U.S. 604, 107 S. Ct. 2022, 95 L. Ed. 2d 582, 38 Ed. Law Rep. 1165, 43 Fair Empl. Prac. Cas. (BNA) 1305, 43 Empl. Prac. Dec. (CCH) ¶ 37018 (1987), reh'g denied, 483 U.S. 1011, 107 S. Ct. 3244, 97 L. Ed. 2d 749, 39 Ed. Law

June 19 2008

**STATE OF TEXAS**

**COUNTY OF**

## VERIFICATION

I understand that a false statement or answer to any interrogatories in this cause of action will subject me to penalties for perjury. I declare (or certify, verify or state) under penalty of perjury that the foregoing answers are true and correct. 28 U.S.C. § 1746.

SIGNED on this __18__ day of __June__, 2008.

ANGELA FERNANDEZ
Notary Public - State of New York
NO. 01FE4947856
Qualified in New York County
My Commission Expires 2/27/11

_____
(Signature of Plaintiff)

DEAR VALUED POSTAL CUSTOMER:

I want to extend my sincere apology as your Postmaster for the enclosed document that was inadvertently damaged in handling by your Postal Service.

We are aware how important your mail is to you. With that in mind, we are forwarding it to you in an expeditious fashion.

The United States Postal Service handles over 202 billion pieces of mail each year. While each employee makes a concerted effort to process, without damage, each piece of mail, an occasional mishap does happen.

We are constantly working to improve our processing methods so that these incidents will be eliminated. You can help us greatly in our efforts if you will continue to properly prepare and address each letter or parcel that you enter into the mailstream.

We appreciate your cooperation and understanding and sincerely regret any inconvenience that you have experienced.



U.S. POSTAGE PAID
NEW YORK, NY 10037
JUN 19, 08
AMOUNT
$5.49
00028064-19

CERTIFIED MAIL
7007 3020 0001 0770 0299

UNITED STATES DISTRICT COURT
Office Of The Clerk
Northern District Of Texas
1100 Commerce
Room 1452
DALLAS, TX. 75242 - 1495