IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| MICHAEL B. DAVIS | § | |
| --- | --- | --- |
| Plaintiff, | § | |
| VS. | § | NO. 3-08-CV-0944-G |
| DAVID LEACH, ET AL. | § | |
| Defendants. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Michael B. Davis, proceeding *in forma pauperis*, against Greyhound Bus Lines, Inc., its president, and three of its agents or employees. On March 11, 2008, plaintiff sued defendants in New York federal court for race discrimination under 42 U.S.C. § 1981. After screening the complaint, the New York court questioned whether plaintiff's claim was barred by limitations and ordered him to amend his pleadings to specify facts demonstrating that this action was timely filed. *Davis v. Leach*, No. 08 Civ. 2453 (KMW), op. at 4-7 (S.D.N.Y. Mar. 11, 2008). Plaintiff amended his complaint on March 24, 2008. Because all the defendants sued by plaintiff reside in Dallas, Texas, and all the events giving rise to plaintiff's claim occurred in Dallas, Texas, the New York court *sua sponte* transferred the case to the Northern District of Texas. *Davis v. Leach*, No. 08 Civ. 2453 (KMW), op. at 2 (S.D.N.Y. May 30, 2008).

On June 13, 2008, this court sent written interrogatories to plaintiff in order to obtain additional information about the factual basis of his suit. Plaintiff answered the interrogatories on June 24, 2008. The court now determines that this case is barred by limitations and should be summarily dismissed under 28 U.S.C. § 1915(e)(2).

II.

In April 2000, plaintiff, an African American who owns a travel agency, allegedly entered into a contract with Greyhound to provide charter bus service for a group excursion to Richmond, Virginia. The excursion was scheduled for August 10-18, 2000. The day before the group was to depart on their trip, a Greyhound employee, Michael Ward, refused to accept final payment, claiming that plaintiff's check was fraudulent, and canceled the contract. As a result, plaintiff was forced to obtain transportation from another charter bus company at a higher price. By this suit, plaintiff seeks damages in excess of $25 million for "racial discrimination and harassment and the defendant's contumacious and egregious conduct by [destroying] the Plaintiff's integrity and forcing the closing of the Plaintiff's African-American Tour Group." (*See* Plf. Am. Compl. at 4).

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

>     (1)     is frivolous or malicious;
>
>     (2)     fails to state a claim upon which relief can be granted; or
>
>     (3)     seeks money relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). In order

to state a claim upon which relief can be granted, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). While a complaint does not need detailed factual allegations, the plaintiff must allege more than "labels," "conclusions," and "formulaic recitation[s] of the elements of a cause of action[.]" *See Twombly*, 127 S.Ct. at 1964-65. "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.* at 1965. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007), *cert. denied*, 128 S.Ct. 1231 (2008).

B.

Assuming *arguendo* that plaintiff has sufficiently alleged a section 1981 claim against one or more defendants, his claim is barred by limitations. Where, as here, a federal statute does not include a statute of limitations, a federal court generally must apply the statute of limitations that would govern an analogous state law claim. *See Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 462, 95 S.Ct. 1716, 1721, 44 L.Ed.2d 295 (1975) ("Since there is no specifically stated or otherwise relevant federal statute of limitations for a cause of action under § 1981, the controlling period would ordinarily be the most appropriate one provided by state law."). The state law claim most analogous to a section 1981 claim is breach of contract. Under New York law, a breach of contract claim is governed by a six-year statute of limitations. *See Guilbert v. Gardner*, 480 F.3d 140, 149 (2d Cir. 2007), *citing* N.Y. C.P.L.R. § 213(2). Texas has a four-year statute of limitations for breach of contract. *See Ingersoll-Rand Co. v. Valero Energy Corp.*, 997 S.W.2d 203, 210-11 (Tex. 1999), *citing* TEX. CIV. PRAC. & REM. CODE ANN. § 16.004(a)(3). However, in 1990, Congress passed a "catchall" four-year statute of limitations for actions arising under federal statutes

enacted after December 1, 1990. *See* 28 U.S.C. § 1658(a). The Supreme Court has held that this four-year limitations period applies to claims "made possible by a post-1990 enactment" to a federal statute. *See Jones v. R.R. Donnelley & Sons, Co.*, 541 U.S. 369, 382, 124 S.Ct. 1836, 1845, 158 L.Ed.2d 645 (2004). Section 1981, the statute under which plaintiff sues, was amended in 1991 to prohibit discrimination in the "benefits, privileges, terms, and conditions of the contractual relationship." *See Mitchell v. Crescent River Port Pilots Ass'n*, 265 Fed.Appx. 363, 368, 2008 WL 410414 at *3 (5th Cir. Feb. 14, 2008), *citing* 42 U.S.C. § 1981(b).

Whether plaintiff's section 1981 claim is governed by the four-year federal statute of limitations, the four-year Texas statute of limitations, or the six-year New York statute of limitations, it is time-barred. Plaintiff's claim accrued no later than August 10, 2000--the date Greyhound canceled the contract to provide charter bus service for his customers. Yet plaintiff did not file his federal lawsuit until March 11, 2008--more than *seven years* later. It is clear from the face of the pleadings that this claim is time-barred. *See Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993) (court may summarily dismiss a complaint filed *in forma pauperis* if it is "clear" that claims asserted are barred by limitations).[1]

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after

---

[1] Plaintiff argues that his federal lawsuit is not barred by limitations because a related action was timely filed in New York state court. Although the federal rules allow an amended pleading to "relate back" to the date of an original pleading in certain circumstances, *see* FED. R. CIV. P. 15(c), that rule applies only to amended pleadings filed in the same federal court action. The court is unaware of any authority that allows a pleading filed in a federal lawsuit to "relate back" to the date of a pleading filed in another case in a different court. Nor is the statute of limitations on plaintiff's section 1981 claim tolled during the pendency of his related state court action. *See, e.g. Taylor v. Bunge Corp.*, 775 F.2d 617, 619 (5th Cir. 1985).

being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 30, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE